**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **ULTIMATE CONCRETE, LLC,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 17-CV-140-TCK-tlw |
| | ) |
| **THE ROSS GROUP CONSTRUCTION** | ) |
| **CORP., AND FEDERAL INSURANCE** | ) |
| **COMPANY A/K/A CHUBB SERVICES** | ) |
| **CORPORATION AND CHUBB LIMITED,** | ) |
| | ) |
| **Defendants.** | ) |

## OPINION AND ORDER

Before the Court is Plaintiff's Motion for Leave to Amend Complaint ("Motion to Amend") (Doc. 27). Plaintiff seeks to amend its Complaint to remove its claim against Defendant The Ross Group Construction Corporation ("TRGCC") for breach of the duty of good faith and fair dealing and punitive damages. Defendants TRGCC and Federal Insurance Company ("FIC") (collectively, "Defendants") filed a response opposing the Motion to Amend (Doc. 29). Defendants' sole objection to the proposed First Amended Complaint is its identification of FIC as "Federal Insurance Company a/k/a Chubb Services Corporation and Chubb Limited." Specifically, Defendants object to Plaintiff's use of the phrase "a/k/a Chubb Services Corporation and Chubb Limited" in reference to FIC. Defendants state that neither Chubb Services Corporation nor Chubb Limited has been named as a defendant or served with summons in this case and contend there is no factual or legal basis for these entities to be referenced in Plaintiff's Complaint. (Resp. to Mot. to Remand 2.) Defendants suggest that Plaintiff's proposed First Amended Complaint would be subject to dismissal and therefore its Motion to Amend should be denied as futile. (*Id.*) Defendants also ask the Court to order Plaintiff to discontinue use of the controverted phrase and strike all such references "from both the style and the record in this case." (*Id.* 3.)

Defendants do not object to Plaintiff's proposed amendments to the Complaint. Rather, Defendants only object to the "a/k/a" phrase used in reference to FIC, which Defendants acknowledge has appeared in other pleadings filed by Plaintiff and therefore is not new to the proposed First Amended Complaint. Further, Defendants do not provide specific authority for why Plaintiff's proposed First Amended Complaint would be subject to dismissal. Accordingly, the Court finds that permitting Plaintiff to file its Amended Complaint serves the interest of justice and Plaintiff's Motion to Amend should be granted. Should Defendants wish to present their objections regarding the controverted phrase in a proper and timely-filed motion, they are free to do so.

Plaintiff's Motion to Amend (Doc. 27) is GRANTED pursuant to Federal Rule of Civil Procedure 15(a)(2) for good cause shown. Plaintiff shall be permitted to file its First Amended Complaint no later than May 30, 2017. As a result of this Order, TRGCC's Motion to Dismiss (Doc. 5) is denied as MOOT, without prejudice to re-filing.

**SO ORDERED this 26th day of May, 2017.**

*[signature: Terence Kern]*

**TERENCE KERN**
**United States District Judge**